# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 15-CR-69-JED ) |
| VINEET SINGH, | ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Before the Court is the defendant's Motion to Dismiss for Government Entrapment / Outrageous Governmental Conduct (Doc. 14). Upon consideration of the Motion, the government's Response (Doc. 15), and the parties' presentations at the hearing on the Motion, the Court finds and concludes that the Motion should be denied.

**I.   Background**

The Indictment charges that the defendant violated 18 U.S.C. § 1952(a)(3)(A) by carrying on and attempting to carry on unlawful activities, including violation of Oklahoma prostitution law and child sex trafficking in violation of 18 U.S.C. §§ 1591(a)(1) and 2422(b). The Indictment is based upon the following. On February 12, 2015, the defendant responded to a listing in the "escort" section of Backpage.com. The listing was placed by an undercover agent of the Tulsa Police Department, with the title "Young, Hot, and in town for the weekend! -18." The listing stated:

> Hey guys I'm Dixie! Are you looking for something new? I'm your girl! Open minded, independent, and available! $100 hh, $150h. Serious inquiries only! Text only (No minutes sorry!) 918-***-**** Don't ask for pictures I won't send any. These are mine only! Incall! No outcall.

Responding to the ad, the defendant contacted the undercover officer via text message and exchanged numerous messages about arranging a meeting for sexual activity.

As noted, the ad listed "-18," but early in the text communications, the undercover officer advised the defendant that she was under 18. Their text conversation began as follows:

Defendant, Vineet Singh ("VS"): Hey baby.

Undercover Officer ("UO"): Hi.

VS: How are you sweetheart?

UO: Good u?

VS: Im doing great, thanks!

UO: Want appt?

VS: That's for sure

UO: **I'm young and I look young just to be honest**

VS: **As long as you are over 18?**

UO: **No baby sorry**

VS: **Are you 18?**

UO: **No. Sorry don't lecture me.**

VS: **I care the less, as long you dont care.**

UO: **OK I'm 15 but I look 18 :)**

UO: **U want hour or hh?**

VS: **Probably hr.**

UO: OK $150 baby and that includes full service.

VS: What does your full service includes [sic]?

UO: Sex and head

Thereafter, the defendant drove toward the location of the hotel where the UO had advised "Dixie" was waiting. The defendant asked the UO if she had condoms, to which she replied "Yes." The defendant thereafter knocked on the door to the hotel room where he had been advised that "Dixie," a fictitious 15 year old persona, was waiting for him for sex in exchange for money. He was arrested. At the time of the arrest, he had $155 in loose cash in a pants pocket, and he was carrying the phone that was used in the text message exchanges with the undercover officer.

In his Motion, the defendant argues that the Indictment should be dismissed because (1) he was entrapped and (2) the government engaged in outrageous conduct. According to the defendant, he cannot be convicted without proof "that [he] was predisposed to engage or attempted to engage in a commercial sex act with a child under the age of 18." (Doc. 14 at 3). The defendant asserts that there is no such evidence and that the Indictment must therefore be dismissed.

## II. Standard for Dismissal of Indictment

"On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006). The Tenth Circuit has described the standard:

> For the most part, that question does not involve any examination of the evidence. In "limited circumstances," however, this Court has held that a district court may "dismiss charges at the pretrial stage...where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case." Pretrial dismissal based on undisputed facts is a determination that "*as a matter of law,* the government is incapable of proving its case beyond a reasonable doubt." Dismissal ... is the "rare exception," not the rule. Dismissals under this exception are not made on account of a lack of evidence to support the government's case,

but because undisputed evidence shows that, as a matter of law, the Defendant could not have committed the offense for which he was indicted.

*Id.* (internal citations omitted).

## III. Analysis

### A. Entrapment

The defendant argues that the government entrapped him into committing a crime he had no predisposition to commit. The Tenth Circuit has extensively described the standard to establish entrapment:

> [E]ntrapment as a matter of law exists "only when there is undisputed testimony which shows *conclusively* and *unmistakably* that an otherwise innocent person was induced to commit the [criminal] act." To obtain an entrapment instruction, a defendant must establish two elements: "first, government agents must have *induced* the defendant to commit the offense; and second, the defendant must not have been otherwise *predisposed* to commit the offense, given the opportunity. Once a credible entrapment defense is raised, the prosecution has the burden of proving, beyond a reasonable doubt, that a defendant was not entrapped."
>
> Inducement is "government conduct which creates a substantial risk that an undisposed person or otherwise law-abiding citizen would commit the offense." Simple "[e]vidence that a government agent solicited, requested, or approached the defendant to engage in criminal conduct, standing alone, is insufficient to constitute inducement. Inducement also will not be shown by evidence that the government agent initiated the contact with the defendant or proposed the crime." Predisposition, in contrast, is a [sic] "a defendant's inclination to engage in the illegal activity for which he has been charged, i.e., that he is ready and willing to commit the crime." *Id.* "Predisposition to commit a criminal act may be shown by evidence of similar prior illegal acts or it may be 'inferred from 'defendant's desire for profit, his eagerness to participate in the transaction, his ready response to the government's inducement offer, or his demonstrated knowledge or experience in the criminal activity.'" The defendant's predisposition is viewed at the time the government agent first approaches the defendant, but "inferences about that predisposition may be drawn from events occurring after the two parties came into contact."

*United States v. Nguyen*, 413 F.3d 1170, 1177-78 (10th Cir. 2005) (internal citations omitted).

Defendant asserts that he is entitled to dismissal of the Indictment because the government cannot prove that he had the specific predisposition to engage in a commercial sex

act with a child under the age of 18. (Doc. 14 at 3). The premise underlying defendant's entrapment argument is inaccurate, because unlawful acts alleged in the Indictment do *not* require the involvement of an actual minor. Oklahoma law considers "the making of an appointment or engagement for sexual intercourse ... with any person not his or her spouse, in exchange for money" to be criminal prostitution, regardless of the age of the putative prostitute. *See Okla. Stat*. tit. 21, §§ 1029-1030.[1]

In support of his argument for dismissal, the defendant also "emphasize[s] that there was never a 15-year old child involved in this case nor any chance of a 15-year old child to be involved in this case," because defendant arranged sex with an undercover officer posing as an underage girl. (Doc. 14 at 3). However, the Indictment here alleges attempt, and "'factual impossibility is generally not a defense to criminal attempt because success is not an essential element of attempt crimes.'" *United States v. Sims*, 428 F.3d 945, 959 (10th Cir. 2005). In *Sims*, the court rejected an argument similar to that made by the defendant here. In affirming a conviction under § 2422(b), the court stated:

> In Count One, Sims was convicted for attempting to coerce and entice a minor to engage in sexual acts in violation of 18 U.S.C. § 2422(b). In Count Two, Sims was convicted for traveling interstate for the purpose of engaging in sexual acts with a minor in violation of 18 U.S.C. § 2423(b). There is no dispute both of these counts specifically involved "Kate," the fictitious 12–year–old persona assumed by Michael Walker, an adult male, and later the FBI. Sims argues that because Kate does not exist, he could not be convicted of violating either statute because there was no actual minor involved, only adult men who "communicated extensive fantasy with Walker misrepresenting ... age and gender."...
>
> [A]s to his Count One conviction for attempting to entice a minor, "[f]actual impossibility is generally not a defense to criminal attempt because success is not an essential element of attempt crimes." We agree with our sister circuits that this general rule applies to the case at bar...[I]t is not a defense to an offense involving

---

[1] The statute under which the defendant is charged makes certain "unlawful activity" a crime. *See* 18 U.S.C. § 1952(a)(3)(A). "Unlawful activity" is defined to include prostitution offenses that violate the law of the state in which they are committed. 18 U.S.C. § 1952(b).

> enticement and exploitation of minors that the defendant falsely believed a minor to be involved. Therefore, we affirm Sims's convictions on these counts.

*Sims*, 428 F.3d at 959-60 (internal citations omitted).

The Tenth Circuit has also affirmed other attempt convictions under § 2422(b) in circumstances similar to those here, and has specifically held that attempt convictions do <u>not</u> require an actual minor child and may be premised upon communications with and steps to meet undercover agents posing as children. In *United States v. Davis*, 165 F. App'x 586, 588 (10th Cir. 2006), the court denied the defendant post-conviction relief from a conviction under § 2422(b) for attempting to coerce and entice a minor to engage in sexual activity. There, the defendant had "conversed with an FBI agent on an internet chat room, believing the FBI agent to be a thirteen year old female," and "[d]uring the internet chat, explicit sexual conversations ensued, and [defendant] eventually agreed to meet the undercover agent for sexual activity." *Id.* The court in *Davis* concluded that, "because 'an actual minor victim is not required for an attempt conviction under 18 U.S.C. § 2422(b),'" the defendant's trial counsel was not ineffective for having failed to raise meritless issues." *Id.* at 588-89 (internal citations omitted).

In *United States v. Thomas*, 410 F.3d 1235 (10th Cir. 2005), the Tenth Circuit affirmed a conviction for attempt under § 2422(b), where the defendant had arranged a meeting for sex with a law enforcement agent posing as a 13 year old girl. In *United States v. Munro*, 394 F.3d 865 (10th Cir. 2005), the defendant was convicted under § 2422(b) for attempted sexual activity with a minor, after he arranged to meet for sex following a private internet chat with an undercover police officer posing as a 13-year-old girl. The Circuit affirmed the conviction for attempt. *Id.* at 869-70. One Circuit recently determined that an attempt to violate 18 U.S.C. § 1591 also does not require an actual minor and may be premised upon conduct with an undercover officer. *See United States v. Wolff*, ___ F.3d ___, 2015 WL 4730950 (8th Cir. Aug. 11, 2015). Because the

Indictment in this case includes alleged attempt under these statutes, there is no requirement that an actual minor was involved, contrary to the defendant's argument.

Moreover, the facts alleged by the government, if proven at trial, would establish that the defendant had, at the least, a predisposition to solicit prostitution. He responded to an ad for an escort, which listed prices, he contacted the cell number listed in the ad, engaged in discussions about pricing for particular sexual activity, and arranged to meet for sex in exchange for money. At this stage of this case, the facts would clearly appear to meet the definition of making an appointment for sexual intercourse in exchange for money, in violation of Oklahoma prostitution laws. In addition, the defendant has not established that the government will be unable to prove beyond a reasonable doubt at trial that the defendant had a predisposition to attempt to arrange sex with a minor child in exchange for money. According to the government, the advertisement listed a "Young, Hot" girl, which title ended with "-18," but immediately upon being contacted by text, the undercover officer advised the defendant that she was 15. Defendant did not end the communication, but instead stated, "I care the less, as long you dont care," then discussed specific sexual activities, confirmed pricing for those activities, drove to the location of the hotel where he was informed a 15 year old would be waiting, asked whether she had condoms, and arrived with enough cash in his pocket to pay for the services discussed in the text messages.

On the facts and arguments presented, the Court concludes that the Indictment should not be dismissed based upon defendant's entrapment defense, as the Court is unable to determine as a matter of law that defendant was entrapped. Defendant may request an entrapment instruction at trial and, if appropriate at that time in light of the evidence admitted at that time, such an instruction will be given.

B.  **Outrageous Government Conduct**

The defendant also asserts that the government engaged in outrageous conduct such that dismissal of the Indictment is warranted. Both parties have set forth law relating to a claim of outrageous governmental conduct, which the defendant's counsel acknowledges is difficult to establish. (Doc. 14 at 6; Doc. 15 at 7-8). To the extent that there remains a viable "outrageous government conduct defense," *see United States v. Dyke*, 718 F.3d 1282, 1285-86 (10th Cir. 2013), the Court concludes that the defendant has not established that the Court should dismiss the Indictment, as a matter of law, based upon that defense. The defendant's outrageous conduct argument is premised upon the same underlying assertions as his entrapment argument and, for the same reasons stated above, the Motion will be denied.

IT IS THEREFORE ORDERED that the defendant's Motion to Dismiss for Government Entrapment / Outrageous Governmental Conduct (Doc. 14) is **denied**.

DATED this 2nd day of September, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE